**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| INFOGATION CORPORATION,<br><br>       Plaintiff,<br><br>   v.<br><br>SUBARU CORPORATION,<br><br>       Defendant. | C.A. No. 2:24-cv-00362 |

**DEFENDANT SUBARU CORPORATION'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(2), 12(b)(5), AND 12(b)(6)**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................... 1

II. FACTUAL BACKGROUND ............................................................................................. 1

    A. Infogation's Insufficient Service of Process ........................................................... 1

    B. Infogation's Alleged Infringement Counts ............................................................ 2

III. STATEMENT OF THE ISSUES PRESENTED ................................................................. 3

IV. LEGAL STANDARDS ...................................................................................................... 3

    A. Insufficient Service of Process and Lack of Personal Jurisdiction ........................ 3

    B. Failure to State a Claim Upon Which Relief Can Be Granted .............................. 4

V. BECAUSE INFOGATION FAILED TO EFFECT SERVICE OF PROCESS UNDER THE HAGUE CONVENTION THE CASE SHOULD BE DISMISSED ......... 6

VI. THE COURT SHOULD ALSO DISMISS THE COMPLAINT BECAUSE IT FAILS TO PLEAD A PLAUSIBLE CLAIM OF INFRINGEMENT .............................. 8

    A. Infogation Fails to Plead Direct Infringement ....................................................... 8

    B. Infogation Fails to Plead Indirect Infringement ................................................... 11

        1. Infogation Fails to State a Plausible Claim for Induced Infringement ............................................................................................... 11

        2. Infogation Fails to State a Plausible Claim for Contributory Infringement ............................................................................................... 13

    C. Infogation Fails to Plead Willful Infringement ................................................... 13

VII. CONCLUSION ................................................................................................................. 14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*ACQIS Ltd. Liab. Co. v. Lenovo Grp. Ltd.*,
    572 F. Supp. 3d 291 (W.D. Tex. 2021)..................................................................................6, 7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..........................................................................................................4, 8, 10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..........................................................................................................4, 8, 10

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012)..................................................................................................5

*Blue Spike, LLC v. Texas Instruments, Inc.*,
    No. 6:12-cv-499, 2013 WL 12062263 (E.D. Tex. Sept. 27, 2013).......................................5, 13

*Carimi v. Royal Carribean Cruise Line, Inc.*,
    959 F.2d 1344 (5th Cir. 1992) ...................................................................................................3

*Chapterhouse, LLC v. Shopify, Inc.*,
    No. 2:18-CV-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018) ................4, 9, 11, 13

*Commil USA, LLC v. Cisco Sys., Inc.*,
    135 S. Ct. 1920 (2015)................................................................................................................5

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
    No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) .........................12

*CTD Networks LLC v. Microsoft Corp.*,
    No. W-22-CV-01049-XR, 2023 WL 5417141 (W.D. Tex. Aug. 22, 2023).........................5, 14

*Diem LLC v. BigCommerce, Inc.*,
    No. 6:17-CV-186 ................................................................................................................4, 8, 9

*Freedom Pats. LLC v. TCL Elecs. Holding Ltd.*,
    No. 4:23-CV-00420, 2023 WL 7414144 (E.D. Tex. Nov. 9, 2023)......................................6, 7

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    579 U.S. 93 (2016)..................................................................................................................6, 14

*Lucent Techs., Inc. v. Gateway, Inc.*,
    580 F.3d 1301 (Fed. Cir. 2009)..................................................................................................5

*Luminati Networks Ltd. v. NetNut Ltd.*,
   No. 220CV00188JRGRSP, 2021 WL 5154083 (E.D. Tex. Sept. 30, 2021) ........................4, 10

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
   No. 1-18-CV-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018) ..................................12

*Murphy Bros. v. Michetti Pipe Stringing, Inc.*,
   526 U.S. 344 (1999) ...............................................................................................................3

*NorthStar Sys. LLC v. Volkswagen AG*,
   No. 2:22-CV-00486-JRG, 2023 WL 5723648 (E.D. Tex. Sept. 5, 2023) ...............................12

*Parity Networks, LLC v. Cisco Sys., Inc.*,
   No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019) ........................5, 14

*Realtime Data, LLC v. Stanley*,
   721 F. Supp. 2d 538 (E.D. Tex. 2010) ............................................................................11, 13

*Vita-Mix Corp. v. Basic Holding, Inc.*,
   581 F.3d 1317 (Fed. Cir. 2009) .............................................................................................5

*VStream Techs., LLC v. PLR IP Holdings, LLC*,
   No. 6:15-cv-974-JRG-JDL, slip op. (E.D. Tex. Aug. 24, 2016) ....................................4, 9, 10

**Statutes**

35 U.S.C. § 271(b) ........................................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 4(f) .......................................................................................................................3

Fed. R. Civ. P. 4(h)(2) ..................................................................................................................3

Fed. R. Civ. P. 8(a)(2) ..................................................................................................................4

Fed. R. Civ. P. 12(b)(2) .........................................................................................................1, 3, 6

Fed. R. Civ. P. 12(b)(5) .........................................................................................................1, 3, 6

Fed. R. Civ. P. 12(b)(6) ............................................................................................................1, 3

**I.      INTRODUCTION**

Defendant Subaru Corporation ("Subaru") respectfully moves the Court to dismiss Plaintiff Infogation Corporation's ("Infogation") complaint with prejudice on two independent grounds:

1) pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process—and thus also for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2); and

2) pursuant to Fed. R. Civ. P. 12(b)(6) because Infogation has failed to plead a plausible claim of infringement.

**II.     FACTUAL BACKGROUND**

  **A.     Infogation's Insufficient Service of Process**

Subaru Corporation is the only defendant named in this case. Infogation acknowledges that Subaru Corporation is a Japanese company with its principal place of business in Tokyo, Japan. Compl. ¶ 2. The summons issued on June 7, 2024, and correctly identified the service address as Subaru's headquarters in Japan. ECF No. 3 at 1. Infogation requested that the Texas Secretary of State effect service on Subaru in Japan. ECF No. 4 at 1. It remains unclear to Subaru whether the Texas Secretary of State's department for service of process has yet attempted to forward the materials to Subaru by registered mail.[1] At the time of filing of this motion, Subaru has not yet received any communications from the Texas Secretary of State related to this case.

It is undisputed that Japan is a signatory to the Hague Convention (Ex. A). It is undisputed that Japan has objected to alternative service such as through "postal channels" (Ex. B). Service by mail is thus improper under the Hague Convention.

---

[1] Subaru Corporation does not accept such service, *see* Declaration of Tetsuya Yoshino ("Yoshino Decl.") ¶ 4, because service by mail is improper under the Hague Convention.

1

Infogation should be well aware that service under the Hague Convention is improper here. In less than a year Infogation has filed suit against no less than five other Japanese companies in the State of Texas prior to this matter. *See e.g. Infogation Corp. v. Toyota Motor Corp. et al.,* No. 2-23-cv-00359 (E.D. Tex. Aug. 2, 2023); *Infogation Corp. v. Honda Motor Co. Ltd.*, No. 2-23-cv-00513 (E.D. Tex. Nov. 7, 2023); *Infogation Corp. v. Panasonic Automotive Sys. Co., Ltd.*, No.2-24-cv-00303 (E.D. Tex. May 1, 2024); *Infogation Corp. v. DENSO TEN Ltd.*, No. 2-24-cv-00302 (E.D. Tex. May 1, 2024); *Infogation Corp. v. Aisin Corp.*, No. 2-24-cv-00301 (E.D. Tex. May 1, 2024). Infogation had ample time and opportunity to research the correct manor to serve these Japanese defendants in compliance with the Hague Convention. Infogation simply ignored this fact and tried to serve Subaru Corporation improperly anyway.

**B.     Infogation's Alleged Infringement Counts**

Infogation alleges infringement of U.S. Patent No. 10,107,628 ("'628 patent"), "Method and Apparatus for Navigating on Artistic Maps," U.S. Patent No. 6,292,743 ("'743 patent"), "Mobile Navigation System," U.S. Patent No. 8,406,994 ("'994 patent"), "Electronically Generated Realistic-Like Map," and U.S. Patent No. 8,898,003 ("'003 patent"), "GPS Map Resembling Ambient Environment" (collectively, the "Asserted Patents"). Compl. ¶¶14-78. The '743 patent expired more than five years ago. Infogation does not attach any claim charts to its complaint nor even attempt to identify where any element of any asserted claim would or could be found for any of the Asserted Patents in any Subaru product.

Instead, for the '628 and '743 patents, the complaint relies on "the video found at" a hyperlink to a page Subaru's website (https://www.subaru.com/subaru-starlink/starlink-multimedia.html) to attempt to substantiate all of its infringement allegations. Compl. ¶¶ 18, 34. Similarly, for the for the '994 and '003 patents, the complaint relies on a link to a 1 minute and

55 second long YouTube video (https://www.youtube.com/watch?v=J5Ls0EcB6bU) to attempt to substantiate all of its infringement allegations. Compl. ¶¶ 51, 67.

Other than providing these links to websites, the complaint provides no factual allegations to substantiate how any element of any asserted claim is performed by any accused product. Simply put, the complaint is boilerplate with no infringement allegations other than reciting completely generic patent infringement language. *See, e.g.,* Compl. ¶¶ 18 ("As exemplary, Claim 1 is infringed by making, using, importing, selling, and/or offing for sale the accused instrumentalities."), 20, 34, 36, 51, 53, 67, 69.

### III.   STATEMENT OF THE ISSUES PRESENTED

Whether the Court should dismiss Infogation's complaint for: (a) insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5), and thus also for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2); and (b) for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) because Infogation has failed to plead a plausible claim for patent infringement under the Supreme Court's governing plausibility standard.

### IV.   LEGAL STANDARDS

#### A.   Insufficient Service of Process and Lack of Personal Jurisdiction

Valid service of process is required before a defendant is subject to the jurisdiction of a federal court. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). When a defendant is not properly served, the action should be dismissed for insufficient service of process and for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2) and 12(b)(5). "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). Service on a foreign corporation is governed by Rule 4(f). *See* Fed. R. Civ. P. 4(h)(2).

### B. Failure to State a Claim Upon Which Relief Can Be Granted

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This "facial plausibility" standard requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citation omitted). A court must dismiss when factual allegations "have not nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

The "key to patent infringement is not just identifying [] products, but identifying ***how*** those products allegedly infringe the Asserted Patent claims." *VStream Techs., LLC v. PLR IP Holdings, LLC*, No. 6:15-cv-974-JRG-JDL, slip op. at 7 (E.D. Tex. Aug. 24, 2016) (emphasis added). In a patent infringement case, the complaint must place the alleged infringer on notice of what activity is being accused of infringement. *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-00300-JRG, 2018 WL 6981828, at *1 (E.D. Tex. Dec. 11, 2018) (citation omitted). In order to satisfy the pleading requirements of *Twombly* and *Iqbal*, a complaint must "provid[e] facts sufficient to create a plausible inference that each element of the claim is infringed by the accused products." *Diem LLC v. BigCommerce, Inc.*, No. 6:17-CV-186 JRG-JDL, 2017 WL 9935521, at *2 (E.D. Tex. May 11, 2017). While a court must accept the complaint's factual allegations as true and draw reasonable inferences in the plaintiff's favor, the Court need *not* accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. To infringe a method claim, a person must have practiced all steps of the claimed method in the United States. *Luminati*

4

*Networks Ltd. v. NetNut Ltd.*, No. 220CV00188JRGRSP, 2021 WL 5154083, at *2 (E.D. Tex. Sept. 30, 2021) (citing *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1317 (Fed. Cir. 2009)).

A claim for induced infringement under 35 U.S.C. § 271(b) requires: (1) a third party directly infringed; (2) the alleged inducer knew of the patent and, nevertheless; (3) knowingly induced the infringing acts with a specific intent to encourage infringement by the third party. *See, e.g., Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009). Claims for induced infringement require "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1925-26 (2015).

Claims for contributory infringement require plausible allegations that: 1) there is an act of direct infringement; 2) components supplied by defendant are "material to practicing the invention;" 3) components supplied by defendant have "no substantial non-infringing uses;" and 4) defendant "knows [its] product[s] [are] especially made or adapted for an infringing use." *Blue Spike, LLC v. Texas Instruments, Inc.*, No. 6:12-cv-499, 2013 WL 12062263, at *1 (E.D. Tex. Sept. 27, 2013) (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012)).

To state a claim for willful infringement, Infogation must plausibly allege that Subaru: "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *CTD Networks LLC v. Microsoft Corp.*, No. W-22-CV-01049-XR, 2023 WL 5417141, at *9-*10 (W.D. Tex. Aug. 22, 2023); *see also Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019). Infogation must also

allege facts demonstrating "subjective willfulness of a patent infringer, intentional or knowing." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 105 (2016).

## V.   BECAUSE INFOGATION FAILED TO EFFECT SERVICE OF PROCESS UNDER THE HAGUE CONVENTION THE CASE SHOULD BE DISMISSED

The Court should dismiss Infogation's complaint for insufficient service of process under Fed. R. Civ. P. 12(b)(5), and thus also for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). Infogation has not effected valid service of process on Subaru.

Subaru, the only defendant in this case (Compl. ¶ 2), is a Japanese company that has no authorized agent to accept service in the State of Texas. Yoshino Decl. ¶¶ 2, 5. The complaint correctly alleges Subaru's principal place of business is in Tokyo, Japan. Compl. ¶ 2. Subaru does not have offices in the State of Texas and does not do business in the State of Texas. Yoshino. ¶ 5. It comes as no surprise that Infogation's summons identified Subaru's headquarters in Japan as the proper service address. ECF No. 3.

Infogation attempted service of the complaint only by serving the Texas Secretary of State. This process, however, requires the Texas Secretary of State to mail a notice of the complaint and summons to the named defendant(s). *Freedom Pats. LLC v. TCL Elecs. Holding Ltd.*, No. 4:23-CV-00420, 2023 WL 7414144, at *2-*6 (E.D. Tex. Nov. 9, 2023). Japan and the United States are both signatories to the Hague Convention, and Infogation triggered application of the Hague Convention by asking the Texas Secretary of State to serve Subaru in Japan by mail. ECF No. 3 at 1; *see, e.g.*, *ACQIS Ltd. Liab. Co. v. Lenovo Grp. Ltd.*, 572 F. Supp. 3d 291, 301 (W.D. Tex. 2021) ("This Court reads the Texas service statutes to require the Secretary of State to mail the service to the foreign entity . . . implicating the Hague Service Convention."); *Freedom Pats.*, 2023 WL 7414144, at *5 ("[T]he Court finds that when a signatory to the Hague

6

Convention is served through the Texas Secretary of State, the Hague Convention is implicated.").

However, a Japanese company cannot be served directly by mail under the Hague Convention: Japan has objected to all alternative methods of service under Article 10, including service by mail. Ex. B. Infogation's attempt to serve Subaru through the Texas Secretary of State is therefore improper. *See Freedom Pats.*, 2023 WL 7414144, at *6 (E.D. Tex. Nov. 9, 2023) ("The Court finds that service of the PRC Defendants through the Texas Secretary of State is not permissible. The PRC is signatory to the Hague Convention, and it expressly objects to service by mail. So the mail delivered abroad does not impact the instant case because the PRC has objected to service by mail.") (citations omitted) (cleaned up); *ACQIS*, 572 F. Supp. 3d at 301 ("This Court reads the Texas service statutes to require the Secretary of State to mail the service to the foreign entity, for which it is an involuntary agent, implicating the Hague Service Convention. . . . [W]hen a signatory to the Hague Service Convention objects to Article 10, mail service is inappropriate. Here, because the Texas statutes require the Secretary of State to mail service to the defendant abroad, the Hague Service Convention preempts the Texas statute and substituted service is improper.") (citations omitted).

Infogation should have been already aware that service under the Hague Convention is improper in this case.  In less than a year Infogation has filed suit against no less than five other Japanese companies in the State of Texas prior to this matter.  *See e.g. Infogation Corp. v. Toyota Motor Corp. et al.,*  No. 2-23-cv-00359 (E.D. Tex. Aug. 2, 2023); *Infogation Corp. v. Honda Motor Co. Ltd.*, No. 2-23-cv-00513 (E.D. Tex. Nov. 7, 2023); *Infogation Corp. v. Panasonic Automotive Sys. Co., Ltd.*, No.2-24-cv-00303 (E.D. Tex. May 1, 2024); *Infogation Corp. v. DENSO TEN Ltd.*, No. 2-24-cv-00302 (E.D. Tex. May 1, 2024); *Infogation Corp. v.*

7

*Aisin Corp.*, No. 2-24-cv-00301 (E.D. Tex. May 1, 2024). Infogation had ample time and opportunity to research the correct manor to serve these Japanese defendants in compliance with the Hague Convention.   Infogation simply ignored this fact and tried to serve Subaru Corporation improperly anyway.

As Infogation has not served Subaru under the Hague Convention, service of process is insufficient and the Court lacks personal jurisdiction over Subaru. Subaru requests dismissal with prejudice, in view of the fact that Infogation already should have known that alternative service by mail through the Texas Secretary of State was improper, but tried it anyway.

## VI.    THE COURT SHOULD ALSO DISMISS THE COMPLAINT BECAUSE IT FAILS TO PLEAD A PLAUSIBLE CLAIM OF INFRINGEMENT

### A.    Infogation Fails to Plead Direct Infringement

Infogation fails to assert a plausible claim of direct infringement against Subaru. Specific factual allegations supporting infringement claims are required under *Twombly* and *Iqbal*, because without them, the court and defendant cannot test whether infringement is plausible. Infogation identifies no facts sufficient to create a plausible inference that any element of any claim is infringed by any accused product. *Diem*, 2017 WL 9935521, at *2. For the '628 and '743 patents, the complaint is built around "the video found at" a single hyperlink to support the allegations. Compl. ¶¶ 18, 34. The video is without any factual allegations identifying specific products and Subaru is left guessing as to how the contents of the video relate to any of Infogation's allegations. Similarly, for the '994 and '003 patents, the complaint provides a single a link to a 1 minute and 55 second long YouTube video to support the entirely of their allegations. Infogation provides no explanation of how anything contained at the linked webpages relates to the Asserted patents. Compl. ¶¶ 18, 34, 51, 67. Though general product descriptions appear in a screenshot in the section Accused Instrumentalities, Compl. ¶¶ 12, 13,

8

Subaru has no way of knowing what Infogation is accusing of infringement, including any specific product, component, or aspect of any product. Subaru has not been put on notice of what activity is being accused of infringement. *Chapterhouse*, 2018 WL 6981828, at *1.

Even more importantly, the citations provide nothing in the way of factual allegations explaining how Infogation contends Subaru infringes its asserted patents. *See VStream Techs*., No. 6:15-cv-974-JRG-JDL, slip op. at 7. Even charitably considering Paragraphs 18 and 34, and all of the information contained at the provided hyperlink to the general "STARLINK Multimedia" page from Subaru's website (instead of only the cited "video found at" the hyperlink), the paragraph does nothing in the way of explaining a plausible infringement theory of how any Subaru product infringes each element of any claim of the asserted patents. *Diem,* 2017 WL 9935521, at *2.

The same is true for the '994 and '003 patents. Considering the entirely of Paragraphs 51 and 67 and the information provided in the cited 115 second YouTube video, it is impossible to deduce a plausible theory of how any Subaru product infringes each element of any claim of the asserted patents. *Diem*, 2017 WL 9935521, at *2. To the contrary, the cited YouTube video never displays a single map during its entire duration. But the first line of the first claim elements of the cited claim for both of the '994 and '003 patents require "displaying the map." '994 patent at 7:30; '003 patent at 7:30. Infogation provides no explanation or how any information contained in either hyperlink relates to any plausible theory of infringement.

Such lack of pleading is simply not enough to sustain a claim of direct infringement. For the same reasons, it therefore also cannot support any claims of indirect infringement. *See Chapterhouse*, 2018 WL 6981828, at *2 ("While screenshots may be useful in laying out a plausible allegation of patent infringement, Plaintiff must further allege how the screenshots

9

meet the text of the exemplary claim in order to lay out sufficient factual allegations which might permit the Court to find that the *Iqbal/Twombly* standard is met."). The Court and Subaru cannot begin to test the plausibility of Infogation's infringement allegations. Dismissal is appropriate.

Elsewhere, Infogation simply recites the statutory language of a patent infringement claim, concluding Subaru infringes without providing any factual allegations. Compl. ¶¶ 18, 34, 51, 67. Such pleading cannot sustain a patent infringement claim. *See Iqbal*, 556 U.S. at 678.

To the extent Infogation attempts to accuse Subaru of using the accused products in an infringing manner, it fails to plausibly allege that Subaru Corporation (the only defendant in this case) performs the method claims in the United States.[2] *See, e.g.,* Compl. ¶¶ 19, 35, 52, 68. To infringe a method claim, a person must have practiced all steps of the claimed method in the United States. *Luminati Networks*, 2021 WL 5154083, at *2. The complaint does not include a single factual allegation that Subaru Corporation performs any specific step of any method claim in the United States.

Like in *VStream*, where the complaint made no attempt to tie the accused products to the overall technology described in the asserted patents, "[t]here is simply not enough specificity to put Defendants on notice of the accused aspects of the accused products as they relate to representative claims of the Asserted Patents." No. 6:15-cv-974-JRG-JDL, slip op. at 7. Dismissal is therefore warranted.

---

[2] Claims 1 through 10 of the '628 patent are method claims and claims 11 through 20 claim a portable device. Independent claim 11 is styled as an apparatus claim that adds conventional structures and execution of computer code to perform the method steps. Claims 1-14 and 21-22 of the '743 patent are method claims. Claims 15-20 are system claims. Claims 1-8 of the '994 patent are method claims and claims 9-18 claim a GPS receiver. Independent claim 9 is styled as an apparatus claim that adds conventional structures and execution of computer code to perform the method steps. Claims 1-6 of the '003 patent are method claims and claims 7-15 claim a GPS receiver. Independent claim 7 is styled as an apparatus claim that adds conventional structures and execution of computer code to perform the method steps.

### B. Infogation Fails to Plead Indirect Infringement

Infogation's indirect infringement allegations should also be dismissed in their entirety, at least because Infogation fails to plead underlying infringement for the reasons above. If the evidence is insufficient to support an allegation of direct infringement by Subaru Corporation, it is for the same reasons insufficient to show infringement by anyone else.

Furthermore, as with direct infringement, Infogation offers no factual basis for its assertions that Subaru infringes the patents-in-suit indirectly through "contributing to the infringement of and/or actively inducing others to infringe." Compl. ¶ 5. Beyond stating this legal conclusion, which Infogation repeats in similar forms throughout the complaint, Infogation does not provide factual allegations directed to the required elements of contributory or induced infringement in order to sustain its claims.

#### 1. Infogation Fails to State a Plausible Claim for Induced Infringement

Infogation's allegations of induced infringement should be dismissed because Infogation fails to plead facts that support a plausible claim for direct infringement by anyone. *See Chapterhouse*, 2018 WL 6981828, at *4 ("By failing to include even general allegations stating how [Defendant] indirectly infringes or how some other party, such as a customer, directly infringes at the behest of [Defendant], Plaintiff has failed to provide adequate notice."); *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 539-40, 544 (E.D. Tex. 2010) (dismissing indirect infringement claims where plaintiff failed to identify any asserted claims, any accused products or services for each of the patents-in-suit, and failed to identify a direct infringer).

As with direct infringement, Infogation simply recites the legal elements of induced infringement without providing factual allegations. Compl. ¶¶ 23-26, 40-43, 56-59, 72-75. The complaint baldly asserts that Subaru has "advertis[ed] an infringing use." *Id.* ¶¶ 26, 43, 59, 75. But Infogation's complaint fails to identify the alleged "infringing use" or any of the purported

11

advertising. Infogation's complaint contains no facts at all relating to whether Subaru specifically intended for any third parties ("others," as stated in the complaint, ¶¶ 23, 40, 56, 72) to use any accused product in an infringing manner, knew that any third-party acts constituted infringement, or caused or encouraged such infringement. Therefore, these claims should be dismissed. *See NorthStar Sys. LLC v. Volkswagen AG*, No. 2:22-CV-00486-JRG, 2023 WL 5723648, at *3 (E.D. Tex. Sept. 5, 2023) (dismissing indirect infringement claims); *Core Wireless Licensing S.A.R.L. v. Apple Inc.,* No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427, at *4 (E.D. Tex. Aug. 14, 2015) ("failing to allege any facts identifying, even at a basic level, which functionalities of the accused products are at issue, or how the instructions direct customers to use those products in an infringing manner, falls short of satisfying Rule 8's notice requirement").

Infogation also fails to sufficiently allege facts to show that Subaru had pre-suit knowledge of the asserted patents. The complaint does not even allege pre-suit knowledge of the '628, '003, and '994 patents. As for the expired '743 patent, the complaint alleges only "[o]n information and belief" that Subaru was aware of the patent since 2013 when it partnered with GPS manufacturer TomTom because TomTom was allegedly aware of the '743 patent from its own European Patent. Compl. ¶ 38. TomTom's knowledge cannot be imputed to Subaru without much more than this.  Such an allegation is too attenuated to plausibly infer that Subaru had pre-suit knowledge of the patent.[3] *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1-18-CV-309-LY, 2018

---

[3] The complaint directly contradicts itself: On the one hand, it alleges Subaru "conducts due diligence of its own systems and products to avoid infringing others' patent rights," Compl. ¶ 38, while on the other, Subaru "has a practice of not performing a review of the patent rights of others first for clearance or to assess infringement thereof prior to launching products and services." Compl. ¶¶ 23, 44, 60, 76. Infogation's willful blindness allegations are, on their own terms, therefore baseless.

12

WL 8261315, at *2-*4 (W.D. Tex. Nov. 30, 2018) (dismissing pre-suit knowledge indirect infringement claim alleging defendant received actual notice of the asserted patents in connection with the prosecution activities of defendant's patent-holding subsidiary). Though Subaru is aware of the '628, '003, and '994 patents as of the filing of the complaint, the '743 patent is expired, so Subaru's post-suit knowledge of that patent is irrelevant.

Therefore, Infogation's induced infringement claims should be dismissed.

### 2. Infogation Fails to State a Plausible Claim for Contributory Infringement

Infogation's allegations of contributory infringement fare no better and should be dismissed. Infogation fails to plead facts that support a plausible claim of underlying direct infringement by anyone, let alone a third party. *See Chapterhouse, LLC*, 2018 WL 6981828, at *4; *Realtime Data*, 721 F. Supp. 2d at 539-40. Subaru has no pre-suit knowledge of the asserted patents for the reasons above. As with Infogation's other claims, the complaint merely recites legal elements, not factual allegations. Compl. ¶ 30, 40, 56, 72. The complaint contains no facts at all demonstrating that: 1) the accused components (whatever they are) are material to practicing the claimed inventions; 2) the accused components have no substantial non-infringing uses; 3) Subaru knows the accused components are especially made or adapted for an infringing use; or 4) what the alleged infringing use is. As such, Infogation has failed to plead the requisite elements of a claim for contributory infringement and its claims should be dismissed. *See Blue Spike, LLC*, 2013 WL 12062263, at *1.

### C. Infogation Fails to Plead Willful Infringement

Infogation's willful infringement allegations (*see* Compl. ¶¶ 22, 38, 55, 71) also fail for at least the failure to allege any underlying infringement, any pre-suit knowledge of the patents or their purported infringement (*see* § VI.B.1), any post-suit knowledge of infringement, nor any

13

intent to infringe. *See CTD Networks*, 2023 WL 5417141, at *10 ("[t]he [complaint] alleges no facts that indicate how or why [Defendant] would have known that its own acts or those of its customers amounted to infringement of the Patents-in-Suit"); *see also Parity Networks*, 2019 WL 3940952, at *3; *Halo Elecs., Inc*, 579 U.S. at 105. The complaint should be dismissed in this regard too.

## VII. CONCLUSION

For the foregoing reasons, Subaru respectfully requests that the Court grant this Motion in its entirety and award any additional relief that the Court deems just and proper.

Dated: July 2, 2024

**DLA PIPER LLP (US)**

*/s/ Paul Steadman*
Paul Steadman
Shuzo Maruyama (*Pro Hac Vice* forthcoming)
**DLA PIPER LLP (US)**
444 West Lake Street, Suite 900
Chicago, IL 60606-0089
Telephone: (312) 368-2135
paul.steadman@dlapiper.com
shuzo.maruyama@dlapiper.com

Chris Duerden (*Pro Hac Vice* forthcoming)
**DLA PIPER LLP (US)**
33 Arch Street, Floor 26
Boston, MA 02110-1447
Telephone: (617) 406-6077
chris.duerden@dlapiper.com

*Attorneys for Defendant Subaru Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I served the foregoing document upon the attorneys of record for all parties by electronically filing the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to registered attorneys of record.

Dated: July 2, 2024                             */s/ Paul Steadman*
                                                Paul Steadman